**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SERGIO VINICIO GARZO-ALVAREZ, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 12-70470 <br><br> Agency No. A097-821-224 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 25, 2014[**]

Before: HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

Sergio Vinicio Garzo-Alvarez, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Petitioner's request for oral argument is denied.

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, and de novo claims of due process violations. *Singh v. Holder*, 638 F.3d 1264, 1268-69 (9th Cir. 2011). We deny the petition for review.

The record does not compel the conclusion that the threats Garzo-Alvarez received from gang members who sought his help with legal services rose to the level of persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000); *Navhrani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005) (where reasonable minds could differ as to whether threats constituted persecution, the record does not compel a finding of persecution). With respect to future persecution, Garzo-Alvarez failed to meet his burden of establishing that he could not reasonably relocate within Guatemala. *See* 8 C.F.R. § 1208.13(b)(3)(i); *Kaiser v. Ashcroft*, 390 F.3d 653, 659 (9th Cir. 2004) ("Where, as here, the applicant has not established past persecution, the applicant bears the burden of establishing that it would be either unsafe or unreasonable for him to relocate, unless the persecution is by a government or is government-sponsored."). Finally, we reject Garzo-Alvarez's contention that the agency failed to adequately consider the country conditions evidence. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1096 (9th Cir. 2000) (petitioner alleging the agency violated due process by failing to consider relevant evidence must

overcome the presumption that the agency did consider the evidence). Thus, his asylum claim fails.

Because Garzo-Alvarez has not established eligibility for asylum, he necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, Garzo-Alvarez did not raise any arguments regarding the denial of CAT relief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

**PETITION FOR REVIEW DENIED.**